UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW J. MONACO, JR.<br><br>        Plaintiff,<br><br>   v.<br><br>SCOTT KERNAN,<br><br>        Defendant. | Case No.: 1:16-cv-00781-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF UNDER SECTION 1983<br><br>[ECF No. 1] |

Plaintiff Matthew J. Monaco, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff did not consent or decline to United States Magistrate Judge jurisdiction, therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed June 6, 2016.

**I.**

**SCREENING REQUIREMENT[1]**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Although it appears that Plaintiff has been released from custody, at the time of filing the instant action he was incarcerated.

1

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff brings the action against Scott Kerman, the Secretary of the California Department of Corrections and Rehabilitation (CDCR).

On February 10, 2014, the three-judge panel overseeing the California prison overcrowding class action case (Plata/Coleman versus Brown) issued an order that required, among other things, the State to immediately grant credits prospectively for non-violent second strikers, making those prisoners eligible to earn 33.3% time credits. This applied to all prisoners except those non-violent second strikers who are required to register as sex offenders.

Plaintiff asserts that he received a sentence from the California Superior Court, County of San Bernardino, of 32 months for failing to update his registration-a non-violent felony, but was denied the credit reduction solely based on his requirement to register as a sex offender.

### III.

### DISCUSSION

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff fails to state a cognizable claim and this action must be dismissed. Plaintiff contends that in response to a federal court order in the Plata/Coleman case, he is eligible for an increase of the rate at which he earns credits toward his release date. However, Plaintiff has not been afforded such increase in credit rate because he is required to register as a sex offender.

First, any challenge to a prison policy promulgated in response to a federal court order should be litigated in the realm of that federal action, not a new action such as the instant civil rights action. Plaintiff contends that his rights have been violated by failing to afford him an increase in rate for which he earns custody credits, thereby, resulting in a speedier release from prison. Second, Plaintiff's challenge to his credit-earning status as it impacts the length of his underlying criminal sentence must be raised by way of petition for writ of habeas corpus. State prisoners may not challenge the fact or duration of their confinement in a section 1983 action; rather, their sole remedy for unconstitutional custody lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005);

Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Because Plaintiff challenges the duration of his confinement, his claim is not cognizable by way of section 1983 and must be dismissed. Although the Court would typically grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies identified herein cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 2, 2016**

UNITED STATES MAGISTRATE JUDGE